UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | |
|---|---|---|
| JEFFREY DEWAYNE ROACH | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-70 |
| | ) | |
| UNITED STATES MARSHAL SERVICE, | ) | |
| U.S. MARSHAL JEFFREY HEDDEN, | ) | |
| SHERIFF STEVE BURNS, and CAPT. | ) | |
| NEIL MATTHEWS | ) | |

## **MEMORANDUM and ORDER**

Proceeding *pro se*, Jeffrey Dewayne Roach, a federal inmate housed in the Greene County Detention Center [GCDC ], brings this mixed civil rights complaint under 42 U.S.C. § 1983 and the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff's application to proceed *in forma paupers* is **GRANTED** and he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

---

[1] Under 42 U.S.C. § 1983, a prisoner may seek relief when a person who is acting under color of state law deprives him of rights, privileges or immunities secured by the Constitution or federal law. *Bivens* allows a prisoner to bring a suit against federal agents or employees for constitutional violations and is considered to be a counterpart to a § 1983 suit against state officials who infringe on a plaintiff's federal constitutional or statutory rights. *See Butz v. Economou*, 438 U.S. 478, 503-04 (1978); *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir.1996).

1. Statutory Payment Plan.

The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[2] *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate trust accounts at the institution where plaintiff is now confined.

---

[2] Send the payments to:
        Clerk, USDC
        220 West Depot Street, Suite 200
        Greeneville, TN 37743

2. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *McGore*, 114 F.3d at 607. If so, this suit must be dismissed.

As best as the Court can discern from the *pro se* pleading, plaintiff's claims arose out of an incident which allegedly occurred at the GCDC on February 26, 2007. On that date, up to twenty inmates in D-Pod, where plaintiff was housed, engaged in a fight. Plaintiff was forced to join in the melee to protect himself from imminent danger of injury. Plaintiff fought with a state prisoner and, subsequently, was charged with a state criminal offense. According to plaintiff, housing a federal inmate like himself with state and county prisoners, as was done in his case, amounts to a constitutional violation. As a consequence of this alleged violation of his rights, plaintiff asserts that he has sustained an injury, which he describes as "the lost of freedom a[nd] independence liberty." As redress for his injury, plaintiff would have the Court order the authorities to discontinue the alleged unlawful housing arrangement at the GCDC and award him $800,000 in damages [$200,000 from each defendant].

Plaintiff, however, has failed to cite to any authority, constitutional or statutory, and the Court knows of none, which would support the premise that he possesses a right not to be housed with state inmates or that this type of housing arrangement violates this right. Indeed, plaintiff has no constitutionally protected entitlement to be confined in any particular facility or any specific area of the jail. *See Meachum v. Fano*, 427 U.S. 215, 224 (1983); *see also* 28 C.F.R. § 524.72 [establishing assignment categories for the Bureau of Prisons].

Even so, the Court recognizes that the Eighth Amendment is violated by a jailer's deliberate indifference to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). To state a claim of deliberate indifference for failing to protect plaintiff from harm inflicted by other inmates, plaintiff must establish that not only was a defendant aware of facts from which he could draw an inference that an excessive risk of serious harm existed, but that he actually drew that inference. *Id.* at 837.

Plaintiff's allegations fall short: the complaint is devoid of any facts to prove that plaintiff's housing arrangement posed an excessive risk of serious harm to him. There is nothing to show that housing federal prisoners with state inmates, in and of itself, presents an excessive danger. Nor does plaintiff maintain that any particular inmate housed in D-Pod, including the assailant, had a history of violence

or a tendency to commit violent acts and that this heightened the risk of serious injury, much less that a defendant knew of any of these risks, but disregarded them. Absent any contentions concerning an excessive risk or knowledge of that risk on the part of a defendant, plaintiff fails to state a viable Eighth Amendment claim.

Based on the above discussion, and without deciding whether the alleged actions of the defendants occurred under the authority of state law (an element of a § 1983 action) or under federal law (*Bivens* action), the Court finds that plaintiff has failed to state a claim entitling him to relief and that his case should be and will be dismissed by separate order.

Finally, plaintiff's pending motion for a speedy civil trial is **DENIED** as **MOOT**. [Doc. 4].

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE